NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4274
_____

MARISOL PAGAN,
Appellant

v.

ALBERTO R. GONZALEZ, Attorney General
and the Department of Justice, Federal
Bureau of Prisons; ERIC H. HOLDER, JR.
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-07-cv-04556)
District Judge: Honorable Joseph E. Irenas
_____

Submitted Under Third Circuit LAR 34.1(a)
May 27, 2011

Before:  McKEE, Chief Judge, SCIRICA and RENDELL, Circuit Judges

(Opinion Filed: June 9, 2011)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Marisol Pagan appeals from the District Court's grant of summary judgment in

favor of her employer.  Before us, Pagan claims the District Court erred: (1) in denying

her gender stereotyping claim pursuant to Title VII of the Civil Rights Act of 1964, 42

U.S.C. § 2000(a)(1); (2) in finding that the failure by her employer to provide training as a certified personal trainer to the Appellant was not an adverse employment action; and (3) in failing to find that the Appellees' actions rose to the level of an adverse employment action in light of the requirement of termination for cause under the relevant collective bargaining agreement. Our standard of review of a District Court's dismissal pursuant to Rule 56 is plenary. *W. v. Jersey City Pub. Sch.*, 486 F.3d 791, 794 (3d Cir. 2007). After reviewing the Appellant's arguments, we find no error in the District Court's ruling in either the first or second claim, or any basis in the law for the third challenge. Accordingly, we will affirm the District Court's grant of the Appellees' motion for summary judgment.

First, Pagan argues that the District Court erred in denying her gender stereotyping claim. In reaching its conclusion, the District Court correctly noted that while Title VII makes it unlawful for an employer "to discriminate against any individual … because of such individual's race, color, religion, sex, or national origin," and discrimination based on a failure to conform to gender stereotypes is cognizable, discrimination based on sexual orientation is not. *Prowel v. Wise Business Forms, Inc.,* 579 F.3d 285, 290-91 (3d Cir. 2009)(citations omitted); *Bibby v. Philadelphia Coca Cola Bottling Co.,* 260 F.3d 257, 261 (3d Cir. 2001). The District Court concluded that Pagan actually claimed that she was being discriminated against based on sexual orientation, as opposed to gender stereotyping. In coming to this conclusion, the District Court relied on the language of the complaint, as well as, the factual allegations as to offensive comments relating to her

sexual orientation, and the absence of any evidence to show that the discrimination was based on Pagan's acting in a masculine manner. Our review leads to the same result.

Second, Pagan argues that the Appellees should have provided her the training as a certified personal trainer, and the failure to do so amounted to an adverse employment action, the third prong of a prima facie case for discrimination. The District Court correctly defined an adverse employment action as "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Durham Life Ins. Co. v. Evans*, 166 F.3d 139, 152-53 (3d Cir. 1999)(citations omitted). Additionally, the District Court noted, "an adverse employment action may be found where an employee's earning potential has been substantially decreased and a significant disruption to her working conditions results. *Id.* at 153. The District Court found that the denial of the training was not an adverse employment action because there was no evidence that the Appellant's work suffered or that her advancement or earning potential was affected. We agree with the District Court's conclusion.

Finally, Pagan attempts to argue that because she is a union member, and her employment subject to the protections of a collective bargaining agreement, her situation does not fit into the usual mold of an adverse employment action. She urges that because of the union protections, termination, demotion, or a decrease in pay are actions which are effectively unavailable, therefore, her manager relied on other means to discriminate. However true this statement regarding the effect of a collective bargaining agreement may be, the law requires that an adverse employment action take place for discrimination

3

to be present, and the District Court found that the employer's alleged actions did not amount to an adverse employment action. We agree with the District Court's finding.

Accordingly, we will affirm the District Court's grant of the Appellees' motion for summary judgment.